J. Christopher Jaczko (149317)
Allison H. Goddard (211098)
JACZKO GODDARD LLP
4401 Eastgate Mall
San Diego, California 92121
Phone: (858) 550-6150
Fax: (858) 225-3500

Dean D. Niro *(Pro Hac Vice)*
Robert A. Conley *(Pro Hac Vice)*
NIRO, SCAVONE, HALLER & NIRO
181 West Madison, Suite 4600
Chicago, Illinois  60602
Phone: (312) 236-0733
Fax: (312) 236-3137

Attorneys for CONAIR CORPORATION

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>          Plaintiff,<br><br>   v.<br><br>CONAIR CORPORATION, a Delaware Corporation; and DOES 1-100,<br><br>          Defendants. | Case No. 08cv1256 BTM (CAB)<br><br>**CONAIR CORPORATION'S ANSWER TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| CONAIR CORPORATION,<br><br>          Counter-Plaintiff,<br><br>   v.<br><br>JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARH AND DEVELOPMENT TRUST,<br><br>          Counter-Defendant. | |

Defendant Conair Corporation ("Conair") submits its Answer to the Amended Complaint for Patent Infringement of Plaintiff Jens E. Sorensen, as Trustee of the Sorensen Research and Development Trust ("Sorensen") as follows:

**<u>ANSWER</u>**

<u>THE PARTIES</u>

1.     Answering paragraph 1, admitted that the document attached as Exhibit A to Sorensen's Amended Complaint appears to be a true and correct copy of the '184 patent. Otherwise, denied on the grounds that Conair lacks sufficient information and belief as to the truth of the allegations.

2.     Answering paragraph 2, admitted.

3.     Answering paragraph 3, denied on the grounds that Conair lacks sufficient information and belief as to the truth of the allegations.

4.     Answering paragraph 4, denied on the grounds that Conair lacks sufficient information and belief as to the truth of the allegations.

<u>JURISDICTION AND VENUE</u>

5.     Answering paragraph 5 as to Conair only, admitted.

6.     Answering paragraph 6 as to Conair only, denied.

7.     Answering paragraph 7 as to Conair only, denied.

<u>CLAIM FOR RELIEF</u>

(Patent Infringement)

8.     Conair re-alleges and incorporates herein by reference its answers to paragraphs 1 through 7, inclusive, as though fully set forth herein.

9.     Answering paragraph 9, admitted that the '184 patent indicates on its face that it issued on the asserted date and bears the asserted title.  Otherwise, denied.

10.    Answering paragraph 10 as to Conair only, denied.

11.    Answering paragraph 11 as to Conair only, denied that any product specifically identified and/or falling within the scope of paragraph 11 of Sorensen's Amended Complaint infringes any claim of the '184 patent.

12.    Answering paragraph 12 as to Conair only, admitted that Conair is not licensed under the '184 patent. Denied that such a license is necessary.

13.    Answering paragraph 13 as to Conair only, denied.

14.    Answering paragraph 14 as to Conair only, admitted.

15.    Answering paragraph 15 as to Conair only, denied. It is unclear what the phrase "dual layer external plastic housings" specifically refers to and/or encompasses, and on that basis Conair accordingly lacks sufficient information and belief as to the truth of the allegations.

16.    Answering paragraph 16 as to Conair only, denied.

17.    Answering paragraph 17 as to Conair only, admitted that Conair is not licensed under the '184 patent. Denied that such a license is necessary.

18.    Answering paragraph 18 as to Conair only, denied.

19.    Answering paragraph 19 as to Conair only, denied.

20.    Answering paragraph 20 as to Conair only, denied that the provisions of 35 U.S.C. § 295 are properly applicable to the information and/or the format of the information which was the subject of Sorensen's demands as set forth in the referenced letter, and further denied that Conair had or has any obligation under 35 U.S.C. § 295 to respond to Sorensen in the manner required by Sorensen's demands.

21.    Answering paragraph 21 as to Conair only, denied that Conair had or has any obligation to respond to Sorensen in the manner required by Sorensen's demands.

22.    Answering paragraph 22 as to Conair only, denied.

23.    Answering paragraph 23 as to Conair only, admitted that the three products specifically identified in paragraph 11 of Sorensen's Amended Complaint have been made in China.

24.    Answering paragraph 23 as to Conair only, denied.

25.    Answering paragraph 24 as to Conair only, denied.

26.    Answering paragraph 25 as to Conair only, denied.

27.    Answering paragraph 26 as to Conair only, denied.

28.    Answering paragraph 27 as to Conair only, denied.

29.    Answering paragraph 28 as to Conair only, denied.

## **AFFIRMATIVE DEFENSES**

Conair asserts the following defenses and reserves the right to further amend its Answer as additional information becomes available.

## FIRST AFFIRMATIVE DEFENSE

1.    Conair has not infringed any claim of the '184 patent, nor has the manufacture, use, sale, offer for sale and/or importation of any Conair process, product, device, component or structure constituted infringement of any claim of the '184 patent.

## SECOND AFFIRMATIVE DEFENSE

2.    Conair has not actively induced and/or contributed to infringement of any claim of the '184 patent by others.

## THIRD AFFIRMATIVE DEFENSE

3.    The claims of the '184 patent are invalid and/or unenforceable for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103 112 and/or 132.

///

///

FOUTH AFFIRMATIVE DEFENSE

4.     Sorensen is estopped from construing any claim of the '184 patent to cover or include any process, product, device, component or structure made, used, sold, offered for sale or imported by Conair because of positions taken during the prosecution before the United States Patent and Trademark Office of the applications which resulted in the '184 patent.

FIFTH AFFIRMATIVE DEFENSE

5.     Pursuant to the provisions of 35 U.S.C. §§ 271 and 286, to the extent that any Conair process, product, device, component or structure is found to have infringed any valid and enforceable claim of the '184 patent, damages for such infringement are limited in time to a period ranging from July 11, 2002 (six years prior to Sorensen's filing of his Complaint) through February 5, 2008 (the date on which the '184 patent expired).

SIXTH AFFIRMATIVE DEFENSE

6.     Conair adopts and incorporates herein all affirmative defenses available to Federal Rule of Civil Procedure 8 (or any applicable statute or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make the same available.  No affirmative defense is waived.

**COUNTERCLAIMS**

Counter-Plaintiff, Conair Corporation ("Conair"), alleges the following Counterclaims against Counter-Defendant, Jens E. Sorensen as Trustee of the Sorensen Research and Development Trust ("Sorensen"), for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57, as follows:

THE PARTIES

1.     Conair is a Delaware corporation with its principal place of business at 1 Cummings Point Road, Stamford, Connecticut 06902.

2.      Upon information and belief, Sorensen is a California resident, and the trustee of a trust organized according to California law.  Sorensen claims to be the owner of all rights to United States Patent No. 4,935,184 ("the '184 patent").

<u>JURISDICTION AND VENUE</u>

3.      This Court has subject matter jurisdiction over these declaratory judgment Counterclaims pursuant to 28 U.S.C. §§ 1338(a) and 1331.

4.      By his Complaint of July 11, 2008 and his Amended Complaint of August 7, 2008, Sorensen has submitted himself to the jurisdiction and venue of this Court and has created an actual controversy with Conair.  Venue in this district is proper in view of the compulsory nature of these Counterclaims in response to Sorensen's Amended Complaint.

<u>COUNT I</u>

<u>(Declaratory Judgment of Non-infringement)</u>

5.      Conair re-alleges and incorporates herein by reference the allegations of paragraphs 1-4 of its Counterclaims.

6.      Conair has not infringed, induced infringement or contributed to the infringement of any claim of the '184 patent under any theory, including literal infringement and/or infringement under the doctrine of equivalents.

7.      No claim of the '184 patent can validly be construed to cover any process, product, device, component or structure which has been manufactured, used, sold, offered for sale and/or imported by Conair.

8.      For each claim of the '184 patent which Sorensen asserts to have been infringed by Conair, Conair requests a declaration that no process, product, device, component or structure which has been manufactured, used, sold, offered for sale and/or imported by Conair infringes any such claim of the '184 patent.

COUNT II

(Declaratory Judgment of Invalidity)

9.      Conair re-alleges and incorporates herein by reference the allegations of paragraphs 1-4 of its Counterclaims.

10.     The claims of the '184 patent are invalid and/or unenforceable for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

11.     For each claim of the '184 patent which Sorensen asserts to have been infringed by Conair, Conair requests a declaration that each such claim of the '184 patent is invalid and/or unenforceable.

**PRAYER FOR RELIEF**

WHEREFORE, Conair requests the following relief:

A.      Dismissal of Sorensen's Amended Complaint, with prejudice, including an award to Conair of its reasonable costs and attorneys' fees;

B.      A declaration that Conair has not infringed, induced infringement or contributed to the infringement of any claim of the '184 patent;

C.      A declaration that the claims of the '184 patent are invalid and/or unenforceable;

D.      Judgment in favor of Conair on all of Sorensen's claims and all of Conair's Counterclaims;

///

///

///

///

///

E.    A declaration that this case is exceptional and an award to Conair of its attorneys'

fees and costs as provided by 35 U.S.C. § 285;

F.    Such other and further relief as this Court and/or a jury deem proper and just.

Dated:    August 13, 2008        JACZKO GODDARD LLP

NIRO SCAVONE HALLER & NIRO


By:    /s/ Allison H. Goddard
Allison H. Goddard
Attorneys for Defendant and Counter-plaintiff
CONAIR CORPORATION

**JURY DEMAND**

Defendant and Counter-Plaintiff Conair Corporation hereby requests a trial by jury on all issues to which it is so entitled.

Dated:     August 13, 2008          JACZKO GODDARD LLP

NIRO SCAVONE HALLER & NIRO


By:     /s/ Allison H. Goddard
        Allison H. Goddard
        Attorneys for Defendant and Counter-Plaintiff
        CONAIR CORPORATION

**PROOF OF SERVICE**

I hereby certify that on August 13, 2008, I caused the foregoing **CONAIR CORPORATION'S ANSWER TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT; COUNTERCLAIMS; JURY DEMAND** to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> J. Michael Kaler (158296)
> KALER LAW OFFICES
> 9930 Mesa Rim Road, Suite 200
> San Diego, California 92121
> Phone: (858) 362-3151
> Fax: (858) 824-9073
> michael@kalerlaw.com
>
> Melody A. Kramer (169984)
> KRAMER LAW OFFICE
> 9930 Mesa Rim Road, Suite 1600
> San Diego, California 92121
> Phone: (858) 362-3150
> Fax: (858) 824-9073
> mak@kramerlawip.com
>
> *Attorneys for Plaintiff*

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

/s/ Allison H. Goddard
Attorney for Conair Corporation

- 9 -                    Case No. 08cv1256 BTM (CAB)